UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------ X

TAVAR CHAPMAN,

                              Plaintiff,  **FIRST AMENDED COMPLAINT**

        -against-

THE CITY OF NEW YORK; DET. JAMES DONOGHUE, SHIELD # 870; P.O. JUSTIN JAMISON, Shield # 303; and P.O. JOHN DOES # 1-2; the individual defendant(s) sued individually and in their official capacities,

14-cv-03517-FB-RML

ECF Case

Jury Trial Demanded

                              Defendants.

------------------------------------------ X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York. Plaintiff's claims arise from an incident that arose on or about March 6, 2013. During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: unlawful search and seizure; false arrest; assault; battery; unreasonable force; failure to intervene; and respondeat superior liability. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and

attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims. Moreover, this action has been filed within one year and 90 days of the incident. Plaintiff continues to make himself available for a 50-Hearing.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

5.  Plaintiff Tavar Chapman is African American, and a resident of the State of New York, Kings County.

6.  At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.  At all times alleged herein, defendants Det. James Donoghue, Shield # 870, P.O. Justin Jamison, Shield # 303, and P.O. John Does # 1-2 were New York City Police Officers employed with the 73rd Precinct, located in Kings County, New York, or an other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8.  The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

**The Incident**

9.  On March 6, 2013, at and in the vicinity of 606 Park Avenue, near Marcy Playground, Brooklyn, New York, PSA 3, and the 73rd Precinct, Brooklyn, police officers operating from the 73rd Precinct, including upon information and belief, defendants Det. Donoghue, P.O. Jamison, Shield # 303, and P.O. John Does # 1-2, at times acting in concert, and at times acting

independently, committed the following illegal acts against plaintiff.

10.  On March 6, 2013, at approximately 3:00 a.m., and in the vicinity of 606 Park Avenue, near Marcy Playground, Brooklyn, New York, defendants P.O. Jamison, Shield # 303 and P.O. John Does # 1-2, without probable cause or reasonable suspicion that plaintiff had committed a crime unlawfully arrested plaintiff.

11.  Plaintiff was walking when defendants P.O. Jamison, Shield # 303, and P.O. John Does # 1-2 approached him in a police car.

12.  The police exited their car and stopped plaintiff.

13.  The police searched plaintiff without justification or cause, finding no weapons, contraband or narcotics on him.

14.  The police handcuffed plaintiff.

15.  The police drove plaintiff to PSA 3 then to the 73rd Precinct.

16.  At the 73rd Precinct the police, including defendant Det. Donoghue, questioned plaintiff, put him in a line up, and accused him of committing a crime.

17. No witness or victim identified plaintiff during the line up.

18. No weapons, contraband or narcotics were recovered from plaintiff while in custody.

19. Plaintiff remained at the 73rd Precinct for many hours before being removed to Brooklyn Central Booking for arraignment.

20. Plaintiff then waited at Central Booking for many more hours.

21. In order to cover up their illegal actions, the defendant officers, including Det. Donoghue, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed various crimes.

22. The defendants made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, to meet productivity goals and quotas, and to justify overtime expenditures.

23. However, because there was no basis to arrest plaintiff, much less prosecute plaintiff, the Kings County District Attorney's Office declined to prosecute him and he was

released on March 8, 2013, and the case against him terminated in his favor.

24. Plaintiff was shocked, humiliated and embarrassed by the experience.

**General Allegations**

25. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

26. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

27. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

28. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said

defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

29. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

30. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

### FIRST CLAIM

**(UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)**

31. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

32. Defendants unlawfully stopped and searched plaintiff without cause or consent.

33. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

33. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

34. Defendants unlawfully stopped and searched plaintiff without cause or consent.

35. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

### THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

36. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

37. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

38. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

39. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

41. Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

### FIFTH CLAIM

### (UNREASONABLE FORCE)

42. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43. The individual defendants' use of force upon plaintiff was objectively unreasonable.

44. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff.

45. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

46. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### SIXTH CLAIM

### (ASSAULT)

47. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

48. Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts.

49. Accordingly, defendants are liable to plaintiff under New York State law for assault.

### SEVENTH CLAIM

### (BATTERY)

50. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51. Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiff were illegal physical contacts.

52. Accordingly, defendants are liable to plaintiff under New York State law for battery.

### EIGHTH CLAIM

### (FAILURE TO INTERVENE)

53. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

55. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### NINTH CLAIM

### (RESPONDEAT SUPERIOR)

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiff.

58. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:  Brooklyn, New York
        November 21, 2014

                MICHAEL O. HUESTON, ESQ.
                *Attorney for Plaintiff*
                16 Court Street, suite 3301
                Brooklyn, New York 11241
                (718)246-2900
                mhueston@nyc.rr.com
                By:

                ____s/_____
                MICHAEL O. HUESTON